**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DENNIS MUMFORD**, | Case No. 3:15-cv-00375 |
| Plaintiff, | **COMPLAINT** |
| v. | 29 U.S.C. §216 (FLSA); ORS 653.261 (Oregon Overtime Claim); |
| **ECLECTIC INSTITUTE, INC.,** an Oregon corporation, | |
| Defendant. | **Jury Trial Demanded** |

**PRELIMINARY STATEMENT**

This action is an action for unpaid overtime wages, penalty wages, liquidated damages, and attorneys' fees and costs, to redress violations of Oregon overtime laws (ORS 653.261, et seq.) and the Fair Labor Standards Act (29 U.S.C. §216).

**JURISDICTION**

1.    This Court has jurisdiction under 28 U.S.C. §1331 as Plaintiff has brought a claim pursuant to 29 U.S.C. §216. This Court has supplemental jurisdiction over Plaintiff's

PAGE 1 – COMPLAINT

state law claim pursuant to 28 U.S.C. §1367 because Plaintiff's state law claims are so closely related to his federal law claims that the state law claims form part of the same case or controversy.

## VENUE

2. Venue is appropriate in this Court under 28 U.S.C. §1391 because the events giving rise to this complaint occurred in Clackamas County, Oregon.

## PARTIES

3. Plaintiff Dennis Mumford ("Mumford") is a resident of Clackamas County, Oregon.

4. Defendant Eclectic Institute, Inc., ("Eclectic") is an Oregon corporation that has its principal place of business is in Clackamas County, Oregon.

## FACTUAL ALLEGATIONS

5. Eclectic hired Mumford in or about April 2011. Before hiring Mumford, Edward Alstat ("Alstat"), owner and president of Eclectic, informed him that he would be hired as Eclectic's Controller and that he would be a salaried employee. After Mumford began working for Eclectic, he was not given the duties of Controller but instead was tasked with non-managerial duties:

  (a) Entering data into the accounting software;

  (b) Printing out reports from the software and providing them to financial institutions upon request;

  (c) Drafting checks when requested by departments within Eclectic; and

  (d) Drafting checks in order to pay utility bills on a fixed schedule.

6. Mumford did not have authority to draft checks without the approval of Mark

PAGE 2 – COMPLAINT

Oppenheimer, General Manager of Eclectic. Mumford performed these tasks according to directives from his supervisors. Mumford did not have authority or discretion to deviate from the tasks assigned to him.

7. Eclectic paid Mumford a salary of $62,200.08 per year.

8. In or about April 2011, Mumford met with Joan Christensen ("Christensen"), the payroll clerk regarding his paychecks. Christensen told Mumford that Mumford needed to work forty (40) hours per week, and if not, that Mumford would receive a reduction in pay for any hours he worked less than forty hours per week. Christensen further stated that if Plaintiff did not work forty hours in a week, Eclectic would receive a withholding from Eclectic in his wages equal to his hourly wage times the number of hours fewer than forty hours he worked that week. On at least one occasion Eclectic withheld 4 hours of Mumford's time as a result of his having worked fewer than 40 hours in a week.

9. Throughout Mumford's employment with Eclectic, Mumford did not direct any other employees nor did he have the authority to hire or fire any employees. Eclectic did not task Mumford with independent decision-making and he performed the tasks that he was instructed to perform.

10. On or about March 4, 2013, Mumford met with Alstat and complained that he had not been given the position as promised, and that he was not being paid in accordance with state and federal wage and hour laws. At the meeting, Alstat became visibly upset and yelled at Mumford stating, "All you want to do is control people." Mumford stated that he did not feel that he had the authority to speak with anyone regarding these issues. Alstat responded by stating, "That's right, you have no authority to do anything." Alstat went on to state, "you are not the controller, I don't think you're smart enough to be the controller" and

PAGE 3 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

then left Mumford's office.

11.     Mumford regularly worked in excess of forty hours per week. In total, Mumford worked 417.75 hours of overtime. Mumford's hourly rate was $29.90 per hour; his overtime rate was $44.86 per hour.

12.     Eclectic did not pay Mumford overtime at any time during his employment.

13.     On November 13, 2014, Mumford made written demand on Eclectic for payment of the wages Mumford is owed by Eclectic. When Eclectic did not respond, Mumford again made a written demand on December 15, 2014. Eclectic has not tendered any money to Mumford.

## FIRST CLAIM FOR RELIEF

## FEDERAL OVERTIME CLAIM (FLSA)

14.     Mumford realleges all relevant paragraphs.

15.     At all relevant times, Eclectic was subject to the requirements of the FLSA.

16.     During the course of Mumford's employment, Eclectic allowed, permitted, and suffered Mumford to work hours, in excess of 40 hours per week.

17.     Pursuant to 29 USC §207, Eclectic was required to pay Mumford at the rate of 1.5 times Mumford's regular rate of pay those hours worked in excess of 40 hours per week, when those wages were due.

18.     Eclectic willfully failed and refused to pay Mumford for those hours of overtime worked when those wages were due and there remains due and unpaid overtime wages in an amount to be determined.

19.     Because of Eclectic's willful failure to pay Mumford for the overtime hours worked, when those wages were due, Mumford, pursuant to 29 U.S.C. §216, is entitled to

PAGE 4 – COMPLAINT

liquidated damages equal to the amount of unpaid overtime wages.

20. Mumford has been required to bring this action to recover overtime earnings and liquidated damages, and is entitled to recover costs, disbursements, and a reasonable sum for attorney fees, pursuant to 29 U.S.C. §216.

21. Pursuant to 29 U.S.C. §207, Mumford is entitled to overtime wages in an amount to be determined at the time of trial, which are not presently known but estimated to be $18,740.27, plus liquidated damages of an amount equal to the unpaid overtime wages.

22. Pursuant to 29 U.S.C. §216(b), Mumford is entitled to his reasonable costs, disbursements, and attorney fees.

23. Mumford is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

24. Mumford is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SECOND CLAIM FOR RELIEF

## STATE OVERTIME CLAIM (ORS 653.261)

25. Mumford realleges all relevant paragraphs.

26. At all relevant times, Eclectic was subject to the requirements of ORS chapters 652 and 653.

27. During the course of Mumford's employment, Eclectic allowed, permitted, and suffered Mumford to work hours, in excess of 40 hours per week.

28. Pursuant to ORS 653.261 and OAR 839-020-0030, Eclectic was required to pay Mumford at the rate of 1.5 times Mumford's regular rate of pay for those hours worked in excess of 40 hours per week, when those wages were due.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

29. Eclectic failed and refused to pay Mumford for those hours of overtime worked, when those wages were due, and there remains due and unpaid overtime wages in an amount to be determined, but here alleged to be 417.75 hours.

30. Pursuant to ORS 653.055(1) (b), Mumford is entitled to a civil penalty as computed by ORS 652.150, which equals $7,176.

31. Mumford has been required to bring this action to recover overtime earnings and penalties, and is entitled to recover costs, disbursements, and a reasonable sum for attorney fees, pursuant to ORS 653.055(4) and ORS 652.200(2).

32. Mumford is entitled to overtime wages in an amount to be determined at the time of trial, which are not presently known but estimated to be $18,740.27, plus a civil penalty as determined per ORS 653.055(1)(b).

33. Pursuant to ORS 655.055(4) and ORS 652.200, Mumford is entitled to his reasonable costs, disbursements, and attorney fees.

34. Pursuant to ORS 82.010, Mumford is entitled to an award of nine percent prejudgment interest from the date the damage occurred until the date of judgment.

35. Mumford is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**PRAYER FOR RELIEF**

Mumford prays for the following judgment against Eclectic:

1. Unpaid overtime wages, in an amount to be determined at the time or trial, estimated to be $18,740.27;

2. Civil Penalty per ORS 653.055(1) (b) and ORS 652.150, in the amount of $7,176.00;

PAGE 6 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

    3.    Liquidated damages pursuant to 29 USC §216 in an amount equal to the amount of unpaid overtime wages, estimated to be $18,740.27; and

    4.    Attorney fees, costs, disbursements, expert witness fees, pre- and post-judgment interest at 9% per annum incurred herein.

**Plaintiff demands a trial by jury.**

Dated: March 5, 2015

                                Law Offices of Daniel Snyder

                                *s/ John Burgess*
                                Daniel Snyder, OSB No. 783856
                                dansnyder@lawofficeofdanielsnyder.com
                                Carl Post, OSB No. 061058
                                carlpost@lawofficeofdanielsnyder.com
                                John Burgess, OSB No. 106498
                                johnburgess@lawofficeofdanielsnyder.com
                                Telephone: (503) 241-3617
                                Facsimile: (503) 241-2249
                                Of Attorneys for Plaintiff

PAGE 7 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249