IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS MUMFORD,

Case No. 3:15-cv-00375-AC

Plaintiff,

v.

OPINION AND ORDER ON
ATTORNEY FEES AND BILL OF COSTS

ECLECTIC INSTITUTE, INC.

Defendant.

ACOSTA, Magistrate Judge

On December 30, 2015, Plaintiff Dennis Mumford ("Mumford") accepted an offer of judgment propounded by Defendant Eclectic Institute ("Eclectic") in the amount of $25,000, plus attorney fees and costs. ECF No. 38. Presently before the Court is Mumford's Motion for Attorney Fees (ECF No. 40) and Bill of Costs (ECF No. 41). The record is sufficiently developed, and therefore, pursuant to LR 7-1(d)(1), the court concludes that oral argument would not be helpful in resolving this matter.

Mumford seeks a total of $28,691.50 in attorney fees, in addition to costs and expenses of $621.85. Eclectic does not contest that Mumford is the prevailing party and therefore is entitled to

1 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

fees and costs, but does contest the reasonableness of the amount Mumford requests. For the reasons that follow, Mumford's motions are granted in part and denied in part.

*Procedural History*

The procedural history of this case is relatively brief. Mumford filed a complaint alleging federal overtime wage violations, wage claim retaliation, whistleblowing, and injured worker retaliation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and OR. REV. STAT. §§ 653.261 *et seq.*, 653.060, 652.355, 659A.199, 659A.040 *et seq.* ECF No. 1. After Eclectic filed its answer alleging various affirmative defenses and a counterclaim, Mumford filed a Motion to Strike and a Motion to Compel Responses to his initial discovery requests. ECF Nos. 6, 10, 13. In July 2015, the Court conducted a Rule 16 Conference and a Discovery Conference. ECF Nos. 15, 23. An Amended Complaint and Answer were filed in August and September 2015, respectively. ECF No. 30, 34. Shortly after discovery and pretrial deadlines were extended, a Notice of Acceptance of an Offer of Judgment was filed.

*Plaintiff's Motion for Attorney Fees (ECF No. 40)*

*Legal Standards*

As the prevailing party, Mumford is entitled to recover his fees, expenses and costs pursuant to the fee-shifting provisions of 29 U.S.C. § 216(b); and OR. REV. STAT. §§ 652.200, 653.055(4), 659A.885(1). *Accord* FED. R. CIV. P. 54 (prevailing party entitled to costs and attorney fees if provided by statute, rule or order); LR 54-1 & 54-3 (same).

The Ninth Circuit has adopted the "lodestar" method for calculating attorney fees. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 980 (9th Cir. 2008); *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of

hours reasonably expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). The court must then decide whether to enhance or reduce the lodestar figure by evaluating a number of factors.[1] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Hensley*, 461 U.S. at 434. There is a strong presumption that the lodestar method produces a reasonable figure, and should only be enhanced or reduced in exceptional circumstances. *Del. Valley Citizens*, 478 U.S. at 565; *Fischer*, 214 F.3d at 1119 n.4.

## Discussion

### I.    Reasonable Hourly Rate

A reasonable hourly rate is determined by looking to the "prevailing market rates in the relevant community" as well as the skill, experience, and reputation of the lawyer. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *United States v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). The party requesting the fees has the burden of producing "satisfactory evidence," in addition to the affidavits of its counsel, that the requested rates are in step with those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Dang v. Cross*, 422 F.3d 800,

---

[1]The court may adjust the lodestar to account for factors such as: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. den.* 425 U.S. 951 (1976); *Fischer*, 214 F.3d at 1119. The court need only address those factors not already subsumed in its lodestar analysis. *Hensley*, 461 U.S. at 436.

814 (9th Cir. 2005)(quoting *Blum*, 465 U.S. at 895 n.11).  The best evidence of the prevailing rate

in Oregon is the periodic Economic Survey conducted by the Oregon State Bar. LR 54-3; *Roberts*

*v. Interstate Distrib. Co.*, 242 F.Supp.2d 850, 857 (D. Or. 2002); *Arnold v. Pfizer, Inc.*, 3:10-cv-

01025-AC, 2015 WL 4603326, *1 (D. Or. July 29, 2015).

Mumford relied on the services of two attorneys, John Burgess and Carl Post.  Plaintiff

requests compensation for 114.8 hours of Burgess's work at an hourly rate of $225 and 9.7 hours of

Post's work at an hourly rate of $295.

A.    *John Burgess*

Burgess was the lead attorney handling Mumford's case and seeks $225 per hour for time

spent on Mumford's claims in 2014 and 2015.  Burgess is a graduate of Willamette University

College of Law and has been an active member of the Oregon Bar since 2010.  In May 2012, Burgess

was admitted to practice in the United States District Court for the District of Oregon. Burgess has

worked as a solo practitioner and as an associate with Larry L. Linder, LLC.  In 2015, Burgess

became an associate with the Law Office of Daniel Snyder. Burgess is in his sixth year of practice,

with the last four years dedicated to employment litigation. Decl. John Burgess Supp. Pl. Mt. Atty.

Fees & Costs ("Burgess Decl.") 2, ECF No. 43.  Burgess has been recognized by Super Lawyers as

a Rising Star in the area of Labor and Employment Law. Decl. John Burgess Supp. Reply 2, ECF

No. 48.

The Oregon State Bar 2012 Economic Survey ("OSB 2012 Survey") provides hourly billing

rate information by area of practice or by years admitted to practice.  The OSB 2012 Survey shows

for Portland, Oregon attorneys in private practice the average billing rate is $210 per hour, the

median billing rate is $218 per hour, the 75th percentile is $250 per hour, and the 95th percentile is $295 per hour. Burgess Decl. Ex. 2.

The court finds that an hourly rate of $225 for Burgess is reasonable in this case. This hourly rate is slightly above the median billing rate for attorneys with four to six years of experience and below the 75th percentile rate, and adequately reflects Burgess's experience and specialty in employment litigation matters.

   B.    *Carl Post*

Mumford requests a billing rate of $295 per hour for work performed by Post. Post is a graduate of the University of Oregon School of Law and has been an active member of the Oregon Bar since 2006. Post operated his own law firm in Medford, Oregon, from 2006 to 2009 during which time he handled employment, family, construction, and personal-injury matters. Post joined the Law Offices of Daniel Synder in 2009 and has since practiced civil litigation in Portland with a focus on employment-law matters. Post has been recognized by Super Lawyers as a Rising Star in 2013, 2014, and 2015. Decl. Carl Post Supp. Pl. Mt. Atty Fees & Costs ("Post Decl.") 2, ECF No. 42.

Post has nine years of experience while working on plaintiff's case. The OSB 2012 Survey shows that for Portland, Oregon attorneys in private practice with seven to nine years of experience, the average billing rate is $258 per hour, the median billing rate is $250, the 75th percentile is $295 per hour, and the 95th percentile is $375 per hour. Post Decl. Ex. 2.

The court finds a billing rate of $295 per hour, which is the 75th percentile rate for attorneys with seven to nine years of experience, is reasonable and appropriate in light of Post's experience and contribution in this case. Additionally, this rate is consistent with other previous attorney fee

5 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

awards for Post's time in this District. *See Arnold*, 2015 WL 4603326 at *3; *Wolfe v. City of Portland*, No. 3:12-cv-02035-PK, 2013 WL 6002391, *11 (D. Or. Nov. 8, 2013).

II.     *Hours Reasonably Expended*

The court is responsible for determining the reasonableness of a fee petition. *See Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The party seeking the fee award bears the burden of demonstrating the number of hours spent was reasonably necessary to the litigation and that counsel made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434; *Gonzalez*, 729 F.3d at 1202. This burden can be satisfied by submitting documentary evidence supporting the hours worked and fees claimed. *Hensley*, 461 U.S. at 433; *$28,000 in U.S. Currency,* 802 F.3d at 1105. Fee petitions that include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied, or apportioned accordingly. *See Fischer*, 214 F.3d at 1121 (noting district court has authority to deny fee requests that are "poorly documented"). Reasonable time spent in preparing a fee petition generally is recoverable. *Guerrero v. Cummings*, 70 F.3d 1111, 1112 (9th Cir. 1995). Ultimately, a reasonable number of hours is the number of hours that "'reasonably could have been billed to a private client.'" *Gonzalez*, 729 F.3d at 1202 (quoting *Moreno*, 534 F.3d at 1111).

Defendant raises several objections to the reasonableness of Mumford's fee request. Specifically, Eclectic contends the fee request inappropriately includes time for clerical tasks, duplicative effort by attorneys on the case, vague entries, unsuccessful motions, and unrelated matters. Eclectic asks that such time must be excluded from the fee award.

////

////

A.    *Clerical Tasks*

It is well-settled that the court may reduce an attorney's hours for time spent performing clerical work. *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated on other grounds*, 984 F.2d 345 (1993); *see Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)(noting the dollar value of non-legal work "is not enhanced" because it is performed by a lawyer); *Sterling Savings Bank v. Sequoia Crossing, LLC*, Civ. No. 09-555-AC, 2010 WL 3210855, *7 (D. Or. Aug. 11, 2010)("Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents.") Costs associated with clerical tasks are generally considered overhead expenses reflected in an attorney's billing rate. *Ash Grove Cement Co. v. Liberty Mut. Ins. Co.*, No. 3:09-cv-00239-HZ, 2014 WL 837389, *8 (D. Or. Mar. 3, 2014); *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)(reducing fees for clerical tasks such as filing and organization).

Eclectic objects to what it refers to as "clerical tasks" including: preparing and sending Mumford a fee agreement, emailing the client about the filing fee, scheduling a settlement conference, calls to and from the court reporter regarding a hearing transcript, reviewing service rules, and sending Mumford new information. Eclectic also objects to Burgess's request for fees for emails to and from legal assistant Diana Lehman, who assisted Burgess on this case.

In reply, Mumford contends that the numerous emails to and from Lehman were not clerical, but pertained to substantive issues such as discovery requests, and that reviewing the underlying documents likely exceeded the requested 0.1 hours per email. Pl. Reply Supp. Mt. Atty. Fees ("Reply") 4, ECF No. 47. The court agrees with Mumford that the emails to and from Lehman

7 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

appear substantive, not clerical. Additionally, the court notes that Mumford has not separately requested fees for Lehman's time and accordingly, Burgess's time reviewing Lehman's emails and underlying documents is compensable.

With respect to the other tasks Eclectic has identified as clerical, Mumford has agreed to withdraw requests relating to Burgess's time for scheduling a settlement conference, reviewing his calendar, and correspondence with the court reporter. Consistent with the practice in this District, the court will exclude entries for filling out documents, transcript requests, and scheduling. The court finds the following entries clerical and must be excluded from the award:

| 4/29/2015 | review calendar re: scheduling settlement conference | 0.1 |
| 6/30/2015 | email to Lisa Brown - Mumford/Eclectic mediation dates | 0.1 |
| 7/14/2015 | draft consent to magistrate | 0.4 |
| 7/15/2015 | call to court and court reporter regarding transcript of hearing | 0.2 |
| 7/15/2015 | Email from Jill Erwin - Estimate for Transcript of 7/1/15 in Mumford v. Eclectic Institute, Inc. | 0.1 |
| 7/17/2015 | Email from Jill Erwin - TRANSCRIPT; 7-1-15- Mumford v. Eclectic Institute, Inc. | 0.1 |
| 8/2/2015 | Email from Jill Erwin - TRANSCRIPT ORDER Mumford v. Eclectic Institute 7/23/2015 | 0.1 |
| 10/23/2015 | Email from Debi Symonds - Deposition transcript | 0.1 |
| 10/26/2015 | Email from Court - re: AT&T Conference Line Info for 10/27/15 hearing | 0.1 |
| 10/26/2015 | Email to Court RE: AT&T Conference Line Info for 10/27/15 hearing | 0.1 |
| 10/26/2015 | Email from Lisa Brown re: AT&T Conference | 0.1 |

Line Info for 10/27/15 hearing

This results in reducing Burgess's time by 1.5 hours.[2]

B.      *Unsuccessful Motions or Unnecessary Work*

Eclectic objects to time spent on two motions filed early in the case, a Motion to Compel and a Motion to Strike. Eclectic argues that the motions were unnecessary and unreasonably inflated the requested fees. Mumford filed a Motion to Strike Eclectic's affirmative defenses early in the litigation. As discussed at the Rule 16 Conference on July 1, 2015, the court noted that it had issued a decision earlier in the year rejecting the same position Eclectic took on affirmative defenses, and advised Eclectic to file an amended answer. Tr. Rule 16 Conference, July 1, 2015 at 6-8, ECF No. 25. Although the court denied the Motion to Strike as moot, Eclectic did not prevail on the issue, and the court finds Mumford's requested fees for the Motion to Strike reasonable.

At the Rule 16 Conference, the court also discussed Mumford's Motion to Compel responses to his discovery requests. Eclectic did not object to the substance of the discovery requests, but rather objected to Mumford's service of them via email. Instead of serving Eclectic in another manner, Mumford filed a Motion to Compel. At the Rule 16 Conference, Burgess explained that the parties were attempting to schedule a mediation, but he lacked basic information, such as paystubs and the personnel file, and was unwilling to schedule a mediation without reviewing that information. *Id.* at 13-14. The court ordered that the parties exchange a basic set of documents so that they could conduct a settlement conference, stayed discovery pending the settlement conference, and took the Motion to Compel under advisement. *Id.* at 17.

---

[2]The court has reviewed Carl Post's submission and did not discover any non-reimbursable clerical tasks therein.

9 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

At a Discovery Conference on July 23, 2015, the parties informed the court that a scheduled settlement conference did not occur because the parties could not agree on what documents needed to be produced in advance. Tr. Discovery Conference July 23, 2015 at 4-5, ECF No. 26. Burgess insisted that he was having difficulty obtaining discovery, and that Eclectic agreed to provide the only personnel file prior to the settlement conference. Eclectic countered that Mumford's claim was for unpaid overtime wages only, and thus, Mumford was entitled only to his personnel file and wage information and that documents related to his hiring were beyond the scope of the case. *Id.* at 6-7. At the hearing, the court expressed its dismay at the parties' unwillingness to resolve seemingly routine discovery disputes without its involvement. *Id.* at 10-11, 23-24. The court then denied the Motion to Compel, lifted the stay of discovery, and imposed discovery and ADR deadlines. *Id.* at 24-27.

The court observes that Eclectic seemed unwilling to provide any discovery without the court's involvement, despite this appearing to be a straight-forward wage and hour case. Although the court denied the Motion to Compel on service grounds, substantively Mumford was entitled to the requested documents and their earlier production surely would have aided a swifter resolution of this case. Yet, after Eclectic objected to the method of service, Burgess could have avoided engaging in unnecessary motion practice by serving Defendant with hard copies of its requests. Thus, the court finds it appropriate that Mumford to bear some responsibility for failing to avoid a costly discovery dispute. According, the court will reduce by 50 percent the following entries it finds attributable to the Motion to Compel:

10 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

| 6/16/2015 | review service rules | 0.4[3] |
|---|---|---|
| 6/23/2015 | Email to Randi Ensley - conferral on motion to compel | 0.1 |
| 6/23/2015 | Email to Lisa Brown - conferral on motion to compel | 0.1 |
| 6/23/2015 | Email from Randi Ensley - conferral on motion to compel | 0.1 |
| 6/23/2015 | Email to Randi Ensley - conferral on motion to compel | 0.1 |
| 6/24/2015 | motion to compel | 0.4 |
| 6/25/2015 | draft motion to compel | 1.5 |
| 6/25/2015 | motion to compel | 4.2 |
| 6/25/2015 | meeting with Carl Post re: motion to compel, discovery | 0.3 |
| 6/25/2015 | Email from Diana Lehman - conferral on motion to compel | 0.1 |
| 6/25/2015 | Email to Randi Ensley - conferral on motion to compel | 0.1 |
| 6/26/2015 | declaration in support of motion to compel | 0.9 |
| 6/26/2015 | draft/edit motion to compel | 2.5 |
| 6/29/2015 | edit motion to compel | 0.4 |
| 6/29/2015 | edit declaration of counsel | 0.9 |
| 6/29/2015 | Email to Lisa Brown and Randi Ensley - conferral on motion to compel | 0.1 |
| 6/30/2015 | draft motion to compel | 1.4 |
| 6/30/2015 | confer on motion to compel | 0.1 |
| 6/30/2015 | Email to Randi Ensley - conferral on motion to compel | 0.1 |

---

[3]In Mumford's Reply, Burgess clarified that the legal research of the service rules pertained to filing the motion to compel. Reply at 5.

| 6/30/2015 | Email from Court - Activity in Case 3/15-cv-00375-AC Mumford v. Eclectic Institute, Inc. Motion to compel | 0.1 |
| 6/30/2015 | Email from Carl Post - conferral on motion to compel | 0.1 |
| 6/30/2015 | Email to Carl Post - conferral on motion to compel | 0.1 |
| 6/30/2015 | Email from Carl Post - conferral on motion to compel | 0.1 |
| 7/17/2015 | Email from Carl Post - Defendant's Response to Motion to Compel | 0.1 |
| 7/20/2015 | review def response to motion to compel | 0.4 |
| 7/23/2015 | prepare for motion to compel hearing, discovery conference | 1.1 |
| 7/23/2015 | meeting with Carl Post regarding discovery dispute | 0.4 |
| 7/23/2015 | hearing on motion to compel, discovery issues | 1.9 |

This results in a reduction of 9 hours (18.1 x .50 = 9.05) of Burgess's time.

Eclectic also objects to fees requested for preparing Requests for Admission ("RFA"). In his Reply, Mumford clarifies that Burgess does not seek payment for 1.5 hours spent on drafting the RFA on April 23, 2015. Mumford also contends that the 0.7 hours sought on April 27, 2015 for "review[ing] defendant's answer in order to draft RFA" was reasonable and necessary not only for drafting the RFA, but also for a Rule 26 discovery conference and interrogatories drafted that same day. With plaintiff's additional explanation, the court finds the 0.7 hours reasonable and compensable.

Likewise, the court disagrees with Eclectic's objection to fees for preparing the BOLI complaint. "[F]ee awards are authorized for legal work done in 'proceedings' other than court actions, including federal and state administrative proceedings." *Porter v. Winter*, 603 F.3d 1113,

12 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

1115 (9th Cir. 2010). Hours expended on an underlying administrative proceeding may be recovered. *Barech v. City of Portland*, No. 3:14-cv-00328-AC, 2015 WL 920025, *6 (Mar. 3, 2015)(awarding attorney fees for preparing BOLI and EEOC claims). The court finds Burgess's requested 3.1 hours reasonable and compensable. The court similarly finds Burgess's time requested relating to Mumford's W2 and unemployment claim reasonably related to discovery requested by Eclectic and to his retaliation claim, and thus is compensable.

      C.    *Multiple Attorneys – Duplication of Effort and Insufficiently Described Email Entries*

      In general, "[w]hen attorneys hold a telephone or personal conference, good 'billing judgment' mandates that only one attorney should bill that conference to the client, not both attorneys." *Nat'l Warranty Ins. Co. v. Greenfield*, No. CV-97-01654-ST, 2001 WL 34045734, *5 (D. Or. Feb. 8, 2001); *West Linn Corporate Park, LLC v. City of West Linn*, No. 3:01-cv-01787-HZ, 2011 WL 4708774, *12 (D. Or. Oct. 4, 2011)(reducing fees for duplicative efforts among counsel such as conferencing, discussing and emailing other counsel).

      Eclectic objects to Post's time as lacking in sufficient clarity to evaluate Post's contribution to the litigation. According to Eclectic, 33 of Post's entries relate to reviewing Electronic Case Filing ("ECF") notifications from the court billed at a standard increment of 0.1 hours each. Eclectic asserts that the balance of Post's entries relate to emails to and from Burgess (also billed at a standard rate of 0.1 hours) that are duplicative and fail to describe the legal work therein performed. Eclectic seeks an across-the-board reduction of Post's time. Eclectic also objects to Burgess's time as lacking in adequate detail. According to Eclectic, because it is impossible to discern from the vague entries whether Burgess's time is reasonable, the court should eliminate them, or impose an across-the-board reduction.

13 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

Mumford responds that Post assisted Burgess with processing and analyzing discovery, developing case strategies, and settlement discussions. Reply at 6. Mumford contends that Post billed for only 26 ECF notices from the court and that Post's review of the notices was necessary. Additionally, Mumford notes that Post likely would have taken depositions and co-chaired a trial if necessary. With respect to the lack of detail in the time entries generally, Mumford contends that including further information may reveal confidential client communications or attorney work product, and that should the court require additional detail, it could be submitted for *in camera* review.

Mumford's counsel has billed separately for each email sent or received on this matter at a standard rate of 0.1 hours. The court is discouraged by this continued practice. As the court recently cautioned, "the practice of billing 0.1 hour for each and every email masks excess and redundancies." *Arnold*, 2015 WL 4603326, at *9. *See also Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 982-83 (S.C. Cal. 2014)(finding that billing in standard 0.1 hour increments for emails, including intra-office emails and ECF notices resulted in overstaffing and inflationary billing; applying across the board reduction of 13 percent of all attorney time). For example, review of the submissions from Burgess and Post reveal numerous instances where Burgess and Post both billed for conferences and emails to and from each other. Post attested in his Declaration that he and Burgess typically email one another in lieu of personal conferences because emailing is more efficient. Post Decl. ¶ 6. Even if emailing instead of conferencing saves time, it does not eliminate duplication of effort.

Additionally, both Burgess and Post seek fees for receiving automated ECF notices from the court at a standard billing rate of 0.1 hours. In Mumford's reply, he attempts to justify this practice, contending that it was necessary for Burgess *and* Post to stay apprised of the status of the case.

14 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

Reply at 6. Although a client may agree to pay to two attorneys to review each ECF notice, it is not appropriate to shift this burden to one's adversary. *See Ash Grove Cement*, 2014 WL 837389 at *7 ("'A party is certainly free to hire and pay as many lawyers as it wishes, but cannot expect to shift the cost of any redundancies to its opponent.'" (quoting *Nat'l Warranty Ins.*, 2001 WL 34045734 at *5)). As the court has indicated previously, "[w]hile the time spent reviewing the underlying documents is clearly compensable, it is difficult for the court to award such excessive time to glance at the ECF notices." *Arnold*, 2015 WL 4603326, at *9. Burgess was the lead attorney handling the case, and likely reviewed the bulk of the underlying documents associated with the ECF notices. Meanwhile, Post has not requested fees for any time spent reviewing those underlying documents.

Accordingly, the court finds 27 entries requested by Post (0.1 hours each) for reviewing the ECF notices sent by the court to be redundant and excessive, and therefore, not compensable. This results in a reduction of 2.7 hours from Post's time. Likewise, the court finds the following time entries for intra-office emails and conferences duplicative, and are eliminated from Post's requested time:

| | | |
|---|---|---|
| 3/5/2015 | Email from John Burgess - Employment Duties/ exempt status | 0.1 |
| 3/5/2015 | Email from John Burgess - (Mumford/Eclectic) wage claim documentation | 0.1 |
| 3/5/2015 | Email to John Burgess - - (Mumford/Eclectic) wage claim documentation | 0.1 |
| 3/5/2015 | Email to John Burgess - Employment Duties/ exempt status | 0.1 |
| 3/5/2015 | Email to John Burgess - Case assignment/next steps | 0.1 |
| 4/29/2015 | Email from Charles Balot - expert witness consultant | 0.1 |

15 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

| 4/30/2015 | Email to John Burgess - RE: Mumford/Eclectic: R26 discovery conference & motion conferral | 0.1 |
| 5/6/2015 | Email from John Burgess - FW: Mumford/eclectic: R26 discovery conference & motion conferral | 0.1 |
| 5/6/2015 | Email to John Burgess - discovery requests | 0.1 |
| 5/6/2015 | Email to John Burgess - RE: Mumford/eclectic: discovery requests | 0.1 |
| 5/11/2015 | Email from John Burgess - Mumford/electic: motion to strike/MMD | 0.1 |
| 5/11/2015 | Email from John Burgess - Mumford/eclectic: motion to strike | 0.1 |
| 6/25/2015 | meeting with John Burgess re: motion to compel, discovery | 0.3 |
| 6/30/2015 | Email from John Burgess - conferral on motion to compel | 0.1 |
| 7/15/2015 | meeting with John Burgess regarding discovery dispute | 0.4 |
| 7/17/2015 | email from John Burgess  - Mumford v. Eclectic USDC Case No. 3:5-cv-00375-AC: discovery/ mediation issues | 0.1 |
| 7/23/2015 | meeting with John Burgess regarding discovery dispute | 0.1 |
| 7/23/2015 | Email from Judge Acosta - Mumford v. Eclectic Institute, Case No. 15-375-AC: Today's Hearing | 0.1 |
| 10/20/2015 | Meeting with John Burgess re: FRCP 30(b)(6) deposition | 0.2 |
| 10/26/2015 | Email from John Burgess - FRCP 30(b)(6) depo notice | 0.1 |
| 10/27/2015 | meeting with John Burgess regarding demand/ | 0.6 |

16 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

|            | settlement, damages, discovery from opposing counsel |     |
|------------|------------------------------------------------------|-----|
| 10/28/2015 | Email from John Burgess - calculation of damages     | 0.1 |
| 10/28/2015 | Email from John Burgess - Mumford/Eclectic: settlement communication FRE 408 | 0.1 |
| 10/28/2015 | Email from John Burgess - RE: Mumford - FRCP 30(b)6 depo | 0.1 |
| 10/29/2015 | meeting to discuss discovery and settlement[4]       | 0.6 |
| 10/29/2015 | Email to John Burgess - RE: Mumford/Eclectic: settlement communication FRE 408 - draft settlement/mediation response | 0.1 |
| 10/29/2015 | meeting with John Burgess regarding mediation, protective order and discovery | 0.6 |

Post's time for intra-office communications and conferences with Burgess totals 4.8 hours. This results in a total reduction of 7.5 hours from Post's time (2.7 hours for ECF notices plus 4.8 hours for intra-office emails and conferences).

Turning to Eclectic's complaint that Burgess's email descriptions are vague, the court observes that Burgess's email descriptions include a subject matter and demonstrate an improvement over the email entries the court reviewed in *Arnold*. The court, however, remains concerned that the practice of billing 0.1 hours for each email overstates Burgess's time, especially when reviewing ECF notices. *See Arana v. Monterey Fin. Servs. Inc.*, Case No. 15-cv-2262-LAB (BGS), 2016 WL 1324269, *3 (S.C. Cal. Apr. 5, 2016)(reducing fees for reviewing ECF notices billed at 0.1 hours increments because billing practice inflated time); *see also Barile v. Allied Interstate, Inc.*, No. 12 Civ. 916 (LAP)(DF), 2013 WL 795649, *7 (S.D.N.Y. Jan. 30, 2013)(same). Accordingly, the court

---

[4]This time entry is duplicative of a time entry on Burgess's request.

17 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

finds it appropriate to apply a ten percent across-the-board reduction to Burgess's requested time to account for any excesses in glancing at ECF notices and the firm's questionable email billing policy. Unlike *Arnold*, Burgess's time is not separated into categories of "email" and "tasks," and therefore, the court finds that applying the relatively small discount to all of Burgess's time appropriate in this instance. Moreover, emails and ECF notices comprise the bulk of Burgess's requested time. The ten percent reduction results in eliminating 10.4 hours from Burgess's time. This results in a total reduction of 20.9 hours from Burgess's requested time (1.5 hours for clerical time, 9 hours for the motion to compel, plus 10.4 hours (104.3 x .10 = 10.43) for excesses).

      D.    *Nontaxable Expenses*

      In an action under the FLSA, a prevailing plaintiff is entitled to recover "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also* OR. REV. STAT. § 652.200(2)(attorney fees, costs and disbursements recoverable for unpaid wages). Under the FLSA, costs include reasonable out-of-pocket expenses. *Robledo v. Orellana*, No. 3:11-cv-00758-BR, 2012 WL 442122, *3 (D. Or. Feb. 10, 2012)(awarding nontaxable expenses for postage, photocopying and computerized research in successful wage claim); *Van Dyke v. BTS Container Serv., Inc.*, Civil No. 08–561–KI, 2009 WL 2997105, at *2 (D. Or. Sept. 15, 2009)(citing *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002)). "Costs of the action" can include costs beyond those normally allowed under FED. R. CIV. P. 54(d) and 28 U.S.C. § 1920." *Robledo*, 2012 WL 442122 at *3; *see also Grove*, 606 F.3d at 580-81 (under fee-shifting statutes, reasonable attorneys fees may include expenses other than those listed in 28 U.S.C. § 1920); *Victorio v. Stahlbush Island Farms, Inc.*, Civ. No. 10-6061-AA, 2012 WL 487987 (Feb. 10, 2012)(awarding costs and expenses to prevailing plaintiff on FLSA and Oregon wage claims).

Plaintiff seeks for $148.05 in nontaxable expenses for legal research, copies and postage, none of which are included in counsel's regular hourly rate.[5] The court has reviewed the nontaxable expenses and finds them reasonable. Accordingly, the court awards $148.05 to Plaintiff in nontaxble expenses.

III.    *Calculation of the Lodestar*

Based on the foregoing, the court calculates the lodestar figure of attorneys fees in the amount of $21,776.50 calculated as follows:  Burgess's reasonable hourly rate of $225 multiplied by 93.9 hours reasonably expended equals $ 21,127.50, and Post's reasonable hourly rate of $295 multiplied by 2.2 hours equals $649. The court is satisfied that the lodestar represents a reasonable fee and that neither upward nor downward adjustments are applicable.  In summary, the court awards attorneys fees and nontaxable expenses to Plaintiff in a total amount of $21,924.55 ($21,776.50 + $148.05 = $21,924.55).

*Plaintiff's Bill of Costs (ECF No. 41)*

Mumford seeks costs in the amount of $473.80 for filing fees, service fees, and transcript fees. Bill of Costs, ECF No. 41.  Eclectic does not object to the Bill of Costs.

*Legal Standards*

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise.  FED. R. CIV. P. 54(d).  Pursuant to 28 U.S.C. § 1920, the court

---

[5]Eclectic does not object to the requested costs, but notes a discrepancy between the Bill of Costs in which Mumford requests $473.80 (ECF No. 41) and the requested expenses in amount of $621.85 in his Motion for Attorney Fees (ECF No. 40).  In Mumford's Reply, he clarified that he seeks taxable costs ($473.80 as set forth in the Bill of Costs), as well as nontaxable costs and litigation expenses ($148.05).  Reply at 11.

may tax specific items as costs against a losing party under FED. R. CIV. P. 54(d)(1). Section 1920

provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> >
> > (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> >
> > (3) Fees and disbursements for printing and witnesses;
> >
> > (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> >
> > (5) Docket fees under section 1923 of this title;
> >
> > (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise

provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579–80 (9th Cir. 2010).

*Discussion*

The costs of filing the action, service fees and transcript fees are among those specifically

allowed under § 1920. Accordingly, Mumford is awarded $473.80, as set forth in the Bill of Costs.

////

////

////

////

20 - OPINION AND ORDER ON ATTORNEY FEES AND BILL OF COSTS

*Conclusion*

Plaintiff's Motion for Attorneys Fees (ECF No. 40) is GRANTED IN PART and DENIED

IN PART.  Plaintiff is awarded attorney fees and nontaxable expenses in the amount of $21,924.55.

Plaintiff's Bill of Costs (ECF No. 41) is GRANTED. Plaintiff is awarded costs in the amount of

$473.80.

IT IS SO ORDERED.

DATED this 29th day of ~~MAY,~~ April, 2016.

_____
John V. Acosta
United States Magistrate Judge